UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY J. POLONOWSKI and ) | |
| BARBARA A. POLONOWSKI, ) | |
| Plaintiff, ) | |
| ) | No. 1:20-cv-151 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| PNC BANK, N.A., ) | |
| Defendant. ) | |
| ) | |

## ORDER REJECTING REPORT AND RECOMMENDATION

Plaintiffs Jeffrey and Barbara Polonowski filed a class action complaint alleging violations of the Truth in Lending Act and the Real Estate Settlement Procedures Act. (ECF No. 12.) Defendant PNC Bank filed a motion to dismiss (ECF No. 14), which this Court referred to the Magistrate Judge. The Magistrate Judge issued a report recommending that the Court grant the motion to dismiss. (ECF No. 19.) Plaintiffs filed objections. (ECF No. 20.) Defendants responded. (ECF No. 21.) The Court will reject the R&R and deny the motion to dismiss.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

A. Facts

Plaintiffs do not object to Magistrate Judge's summary of the facts. (R&R at 1-6 PageID.295-300.) In 2017, Plaintiffs obtained a home equity line of credit (HELOC) from Defendant. The HELOC is secured by a mortgage on Plaintiff's residential property. In June 2018, Plaintiffs filed for Chapter 7 bankruptcy. In early November 2018, Plaintiffs reaffirmed their debt, $140,970.65, to Defendant, debt for which the residential property was collateral. (ECF No. 12-3.) Plaintiffs obtained a bankruptcy discharge on November 15, 2018.[1] Before and after the reaffirmation agreement, Plaintiffs made monthly payments to Defendant toward the HELOC loan.

Defendant did not send Plaintiffs the periodic statements relating to the HELOC at least since May 2019.[2] In September 2019, through counsel, Plaintiffs notified Defendant of its failure to send periodic statements. Defendant acknowledged that no periodic statements were provided, explaining that Plaintiffs remained in an active bankruptcy proceeding. Plaintiffs sent a second letter in October 2019 informing Defendant that the HELOC was reaffirmed, was not discharged, and was, therefore, not in active bankruptcy or discharged in bankruptcy. Defendant denied that any error had occurred and did not resume sending periodic statements.

---

[1] In its brief, Defendants assert that while the discharge order might have issued, the bankruptcy case remained open and the bankruptcy court had not issued any order lifting the stay. (ECF No. 15 Def. Br. at 3-4 PageID.192-93.) Defendants assert that the Court can take judicial notice of the bankruptcy proceedings.

[2] Plaintiffs plead that they had not receive the periodic statement "for each of the past 12 months. (ECF No. 12 Compl. ¶ 46 PageID.126.)

### B. Truth In Lending Act (TILA)

TILA requires that a lender provide certain information to a borrower, depending on the type of debt. Plaintiffs contend the HELOC falls under 15 U.S.C. § 1637, which covers "open end consumer credit plans." Subsection (b) sets for the information a creditor must provide to the obligor for each billing cycle, including: (1) the total amount credited to the account during the period (1637(b)(3)); (2) the amount of any finance charge added to the account during the period (1637(b)(4)); (3) the balance on which any finance charge was computed and how the balance was determined (1637(b)(7)); (4) the outstanding balance in the account at the end of the period (1637(b)(8)); and (5) the date by which payment must be made to avoid additional finance charges (1637(b)(9)). However, creditors need not provide periodic statements "if furnishing the statement would violate federal law." 12 C.F.R. § 1026.5(b)(2)(i) ("Regulation Z").

The Bankruptcy Code contains a provision known as the automatic stay. 11 U.S.C. § 362. In relevant part, the automatic stay prohibits (1) "any act to obtain possession of the estate or of property from the estate or to exercise control over property of the estate" (362(a)(3)); (2) "any act to create, perfect, or enforce any lien against property of the estate" (362(a)(4)); and (3) "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title" (362(a)(5)). And, the automatic stay "against property of the estate . . . continues until such property is no longer property of the estate." 11 U.S.C. § 362(c)(1). However, "the stay of any other act under subsection (a) of this section continues until the

earliest of -- (A) the time the case is closed; (B) the time the case is dismissed; or (C) if the case is a case under chapter 7 of this title concerning an individual . . ., the time a discharge is granted or denied[.]" *Id.* § 362(c)(2).

The Magistrate Judge recommends dismissing Plaintiff's TILA claim. The Magistrate Judge concludes that because the residential property remained part of the bankruptcy estate, it remained subject to the automatic stay. (R&R at 9 PageID.303.) The Magistrate Judge also concludes that periodic statements can be considered an act against the property of the estate. (*Id.* at 10 PageID.304.)

Plaintiffs object. To the extent the information required by TILA might constitute an act, Plaintiffs contend the required information would not violate the automatic stay. Plaintiffs contend that § 362(c)(1) prohibited Defendant from taking action against the residential property, because that property was part of the bankruptcy estate. Plaintiffs contend that Plaintiffs could take action on the HELOC under § 362(c)(2) because Plaintiffs had filed a Chapter 7 bankruptcy, the HELOC had been reaffirmed, and the bankruptcy had been discharged (even though the bankruptcy action had not yet been closed).

The Court agrees with Plaintiffs. Assuming the facts alleged in the complaint are true, which the Court must for Defendant's motion, the periodic disclosures required by TILA would not likely violate federal law. "[N]ot all communications between a creditor and a debtor are prohibited. For example, the sending of informational account statements and notifications will not violate the automatic stay as long as the statements or notifications are not coercive." *In re McCarthy*, 421 B.R. 550, 565 (D. Col. 2009); *see Matter of Duke*, 70 F.3d 43, 45 (7th Cir. 1996) (explaining that courts have generally interpreted § 362 to prohibit

harassing communication from creditors); *see, e.g., Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 424 (6th Cir. 2000) ("If 'mere requests for payment are not barred absent coercion or harassment by the creditor,' *Morgan Guar. Trust Co. v. American Sav. & Loan*, 804 F.2d 1487, 1491 & n.4 (9th Cir. 1986) *cert. denied* 482 U.S. 929, 107 S.Ct. 3214, 96 L.Ed.2d 701 (1987), it is hard to see anything problematic in acceptance of payment when the request has been honored."). Plaintiffs reaffirmed the debt and their financial obligation to Defendant. Even if the residential property remained part of the bankruptcy estate, Defendant could provide Plaintiff the information required by TILA without taking any action against the real property used to secure the loan. *See, e.g., In re Reynard*, 250 B.R. 241, 244-45 (E.D. Va. 2000) ("Consequently, a post-petition creditor who has the right to initiate a suit against a debtor and obtain a judgment for a post-petition debate without violating the automatic stay may not have recourse to execute on all assets that would have been, but for the filing of a chapter 13 petition, property of the debtor. Recourse is limited to property that is not property of the estate.")

Sending the information required by TILA would not be an act to obtain possession of property of the estate. *See* 11 U.S.C. § 362(a)(3). Sending the information required by TILA would not be an act to create, perfect or enforce a lien against the property of the estate. *See id.* § 362(a)(4). And, sending the information required by TILA would not be an act to create, perfect or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before Plaintiffs filed for bankruptcy. *See id.* § 362(a)(5). Sending the information required by TILA in § 1637 does not constitute a prohibited act

under § 362(a). And, because sending the required information would not violate federal law, Regulation Z does not undermine Defendant's obligation to send the information.

The Court will reject this portion of the R&R.

### C.  Real Estate Settlement Procedures Act (RESPA)

Congress enacted RESPA to ensure that consumers had timely information about the nature and costs involved in the process of real estate settlement, an area where abusive practices had developed. *Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 719 (6th Cir. 2013) (citation omitted). RESPA applies to "federally related mortgage loans." 12 U.S.C. § 2605(e). The statute defines that phrase to include a loan that is secured by a first or subordinate lien on residential property designed principally for the occupancy of up to four families, including any secured loan which is used to prepay or payoff an existing loan secured by the same property. 12 U.S.C. § 2602(1)(A). Regulation X, 12 C.F.R. § 1024.31, which was promulgated by the Consumer Financial Protection Bureau to implement RESPA, defines "mortgage loan" to mean "any federally related mortgage loan, as that term is defined in § 1024.2 subject to the exemptions in 1024.5(b), but does not include open-end lines of credit (home equity plans)."

The Magistrate Judge recommends dismissing Plaintiffs' RESPA claim. The Magistrate Judge concludes Regulation X precludes Plaintiffs from prevailing on the merits of the claim because the loan is a home equity line of credit. *See Chamberlain v. Specialized Loan Servicing, LLC*, No. 21cv3541, 2021 WL 2383340 (N.S. Cal. June 10, 2021).

Plaintiffs object. Plaintiffs contend the regulation impermissibly narrows the scope of the statute. Plaintiffs argue that when a regulation conflicts with the statute under which the

regulation was promulgated, the regulation fails. *See Cortez v. Keystone Bank, Inc.*, No. 98-2457, 2000 WL 536666, at *11 (E.D. Pa. May 2, 2000) (discussing the conflict between RESPA and Regulation X).

The Court agrees with Plaintiffs. At least one unpublished district court opinion supports Defendant's position. *See, e.g., Chamberlain*, 2021 WL 2383340, at *2. Other published and unpublished district court opinions support Plaintiffs' position. *See, e.g., Hermann v. Wells Fargo Bank, N.A.*, —F.Supp.3d—, 2021 WL 1175467, at *5-*6 (W.D. Va. Mar. 29, 2021); *Hawkins-El v. First American Funding, LLC*, 891 F. Supp. 2d 402, 408 (E.D.N.Y. 2012); *MorEquity, Inc. v. Naeem*, 118 F. Supp. 2d 885, 901 n.7 (N.D. Ill. 2000) (dicta); *Cortez*, 2000 WL 536666. The authority supporting Defendant's position merely identifies the language in Regulation X, without considering the broader language in the statute. The authority supporting Plaintiffs' position considers both and concludes that the regulation cannot narrow the scope of the statute. In this Court's opinion, the courts supporting Plaintiffs' position offer a more complete and persuasive discussion of the legal question. The opinion in *Hermann* addresses Defendant's argument that the Court should not consider opinions issued before the current version of Regulation X was adopted.

The Court will reject this portion of the R&R.

### C. Other Arguments

Defendant raised two other arguments not addressed in the R&R.

#### 1. Good Faith Defense

Defendant contends Plaintiffs' TILA claim should be dismissed because its act or omission was taken in good faith. *See* 15 U.S.C. § 1640(f). Section 1640(f) good faith

defenses are affirmative defenses that a defendant must plead and prove. *See Smith v. Lewis Ford, Inc.*, 456 F. Supp. 1138, 1145 (W.D. Tenn. 1978). A defendant may prevail on an affirmative defense in a Rule 12(b)(6) motion only when the complaint establishes that the "defense exists that legally defeats the claim for relief." *Lockhart v. Holiday Inn Express Southwind*, 531 F. App'x 544, 547 (6th Cir. 2013). (quoting *Marsh v. Genentech, Inc.*, 693 F.3d 546, 554-55 (6th Cir. 2013)). That situation is not present here.

### 2. Servicing Error/Reasonable Investigation

Defendant contends Plaintiffs' RESPA claim should be dismissed because it did not make any error and it a reasonable investigation occurred. For this argument, Defendant reiterates its TILA defense, that it was not obligated to send periodic statements because Plaintiffs were in active bankruptcy. The Court has concluded otherwise.

For these reasons, the Court **REJECTS** the Report and Recommendation. (ECF No. 19.) The Court **DENIES** Defendant's motion to dismiss. (ECF No. 14.) **IT IS SO ORDERED.**

Date: September 30, 2021  /s/ Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　　　Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge