UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY J. POLONOWSKI and BARBARA A. POLONOWSKI, individually and on behalf of all others similarly situated,
Plaintiffs,

-v-

PNC BANK, NATIONAL ASSOCIATION,
Defendant.

No. 1:20-cv-151

Honorable Paul L. Maloney

**OPINION AND ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs Jeffrey and Barbara Polonowski filed a motion for partial summary judgment (ECF No. 65). Plaintiffs argue that "[n]o genuine issues of material fact exist with respect to PNC's liability" (PageID.694). Plaintiffs do not seek summary judgment on any other issue or for damages. Defendant PNC Bank does not contend that any genuine issue of material facts exists. The Court agrees with Plaintiffs' interpretation of the relevant statutes and will grant the motion.

I.

A trial court should grant a motion for summary judgment only in the absence of a genuine dispute of any material fact and when the moving party establishes it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that no genuine issues of material fact exist. *Celotex Crop. v. Catrett*, 477 U.S. 317, 324 (1986). To meet this burden, the moving party must identify those portions of the pleadings, depositions, answers to interrogatories, admissions, any affidavits, and other

evidence in the record, which demonstrate the lack of genuine issue of material fact. Fed. R. Civ. P. 56(c)(1); *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018). When faced with a motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Pittman*, 901 F.3d at 628 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). The court must view the facts and draw all reasonable inferences from those facts in the light most favorable to the nonmoving party. *Maben v. Thelen*, 887 F.3d 252, 263 (6th Cir. 2018) (citing *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In resolving a motion for summary judgment, the court does not weigh the evidence and determine the truth of the matter; the court determines only if there exists a genuine issue for trial. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quoting *Anderson*, 477 U.S. at 249). The question is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-252.

II.

The controlling pleading is the First Amended Complaint (ECF No. 12 Compl.). The following facts are not in dispute. As mentioned above, for the purpose of liability and this motion, Defendant does not identify any dispute of fact. Defendant disagrees about the proper interpretation of the statute and regulation.

In April 2017, Plaintiffs obtained a home equity line of credit (HELOC) from Defendant (ECF No. 12-1). Plaintiffs used a portion of the available credit to pay off the

previous mortgage. Defendant secured the HELOC through a new mortgage on Plaintiffs' residence (ECF No. 12-2).

Plaintiffs filed for Chapter 7 bankruptcy in June 2018. In November 2018, Plaintiffs reaffirmed their debt obligation to Defendant and filed the agreement in the bankruptcy proceedings. On November 15, 2018, the Bankruptcy Court discharged Plaintiffs, which eliminated their personal obligation to repay other debts. Because Plaintiffs reaffirmed their debt to PNC, the discharge did not eliminate Plaintiffs' personal obligation to Defendant. Although Plaintiffs had been discharged, the bankruptcy proceeding remained open and did not close until July 25, 2022.

Prior to filing for bankruptcy, Plaintiffs received statements about the HELOC from Defendant. After Plaintiffs filed for bankruptcy, Defendant stopped sending the statements to Plaintiffs. In September 2019, through counsel, Plaintiffs sent a letter to Defendant in part asserting that Defendant had failed to send periodic statements concerning the debt as required by the Truth In Lending Act (TILA) (ECF No. 12-4). Defendant replied that it "does not send billing statements on account that are active in bankruptcy or that have been discharged in bankruptcy" (ECF No. 12-5 PageID.168). Through counsel, Plaintiffs sent Defendant a second letter in October 2019 pointing out that Plaintiffs were not in active bankruptcy (they had been discharged) and that they had reaffirmed their debt to Defendant so the debt had not been discharged (ECF No. 12-6). In the second response, Defendant asserted that it was not sending the billing statements because the bankruptcy case was still open (ECF No. 12-7).

III.

When Plaintiffs executed the HELOC, Defendant became obligated to send periodic disclosures under TILA. For open end consumer credit plans, TILA requires periodic disclosures "for each billing cycle at the end of which there is an outstanding balance in that account or with respect to which a finance charge is imposed[.]" 15 U.S.C. § 1637(b). TILA regulations impose general disclosure requirements. 12 C.F.R. § 1026.5. The regulation includes timing requirements for open end consumer credit plans, *id.* § 1026.5(b)(4), and for home equity plans, *id.* § 1026.4(b)(4) (referring to § 1026.40(b)). In addition to the general disclosure and timing requirements, the regulations set forth specific disclosure requirements for periodic statements, *id.* § 1026.7, and for home equity plans secured by a consumer's dwelling, *id.* § 1026.40. Creditors, however, do not have to send periodic statements if "furnishing the statement would violate Federal law." *Id.* § 1206.5(b)(2)(i). Creditors who fail to comply with the disclosure requirements may be civilly liable. 15 U.S.C. § 1640.

Defendant's obligation to send the periodic disclosures temporarily halted when Plaintiffs filed for bankruptcy. The filing of a bankruptcy petition stops or stays many enforcement actions against the debtor, the debtor's property and property of the estate. *In re Robinson*, 764 F.3d 554, 559 (6th Cir. 2014) (citing 11 U.S.C. § 362(a). This "automatic stay" gives the debtor breathing room and prevents the "chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts." *Id.* (quoting *Chao v. Hosp. Staffing Serv. Inc.*, 270 F.3d 374, 382-83 (6th Cir. 2001)). With exceptions outlined in § 362(b), the automatic stay in § 362(a) extends to:

> (1) the commencement or continuation, ..., of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of case under this title, ...;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3) any act to obtain possession the estate or of property from the estate or to exercise control over property of the estate;
>
> (4) any act to create, perfect, or enforce any lien against property of the estate;
>
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and
>
> (8) the commencement or continuation of a proceeding before the United States Tax Court ....

11 U.S.C. § 362(a).

The dispute in this lawsuit centers on when the automatic stay ended and Defendant's obligation to send periodic statements resumed. TILA sets forth the conditions under which the stay terminates, subject to certain exceptions. For the property of the bankruptcy estate, "the stay of an act against the property of the estate under subsection (a) of this section continues until such property is no longer property of the estate." *Id.* § 362(c)(1). Otherwise,

> (2) the stay of any other act under subsection (a) of this section continues until the earliest of--
>
> > (A) the time the case is closed;

> (B) the time the case is dismissed; or
>
> (C) if the case is a case under chapter 7 of this title concerning an individual ..., the time a discharge is granted or denied[.]

*Id.* § 362(c)(2).

Plaintiffs contend the stay lifted when they were discharged by the bankruptcy court. They had already reaffirmed their personal obligation on the debt to Defendant. According to Plaintiffs, the automatic stay lifted under § 362(c)(2)(C).

Defendant reasons that the stay remained in place because Plaintiffs' house, which was connected to the HELOC by a mortgage, remained part of the bankruptcy estate and the bankruptcy case had not yet closed or been dismissed. Defendant argues that sending the periodic statement about the loan while the residential property remained part of the estate would violate § 362(c)(1).

Plaintiffs have the better argument. With regard to their personal debt obligation to Defendant, Plaintiffs' discharge from the bankruptcy proceeding lifted the automatic stay. At that point, Defendant's obligation to send periodic statements disclosing information about that debt resumed. The act of disclosing, the sending of information about the debt, is not an "act against the property of the estate." 15 U.S.C § 362(c)(1). TILA merely required Defendant to send Plaintiffs information about their loan.

The language in § 362(a) demonstrates that Congress understood that creditors might take (1) acts against the debtor, (2) acts against property of the estate, and (3) acts against property of the debtor. *See* 11 U.S.C. § 362(a)(2) ("against the debtor or against property of the estate"); *compare id.* § 362(a)(1) ("against the debtor") *with id.* § 362(a)(4) ("against

property of the estate") *and with id.* § 362(a)(5) ("against property of the debtor"). Defendant's position ignores these distinctions recognized in the statutory language.

Defendant's position also collapses the historical distinction made between in personam proceedings and in rem proceedings. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 312 (1950).

> An *in personam* action is an action brought against a person rather than property, and the judgment is binding on the judgment-debtor and can be enforced against all the property of the judgment-debtor. An *in rem* action is an action determining the title to property and the rights of the parties, not merely among themselves, but also against all persons at any time claiming an interest in that property, or an action in which the named defendant is real or personal property. In other words, in rem actions are fights over a property or a person in the court's control.

*Chevalier v. Estate of Barnhart*, 803 F.3d 789, 801-02 (6th Cir. 2014) (quotation marks, edits and citations omitted). The periodic statements contain information about Plaintiff's loan, their personal financial obligations to Defendant. That act would fall under the in personam category.

Bankruptcy courts make this in rem / in personam distinction in a similar situation involving discharge stay instead of the automatic stay. Here, Plaintiffs obtained a loan using their residence as collateral, they filed for bankruptcy, they reaffirmed their loan obligation, they were discharged from bankruptcy and they remained in the residence following the discharge. Many debtors go through this same process, but do not reaffirm the debt. For all debtors, 11 U.S.C. § 524(a)(2) provides a "discharge stay" which "operates as an injunction against the commencement or continuation of action, ..., to collect, recover, or offset any such debt as a personal liability of the debtor, ...." Following the discharge when the debtor

has not reaffirmed the debt, the debtor is no longer personally liable for the amount owed on the mortgage and the creditor would ordinarily violate the discharge stay by sending payment requests to the debtor. *See In re Gill*, 529 B.R. 31, 38 (W.D.N.Y. 2015). Following the discharge, the secured creditor (the mortgagee) keeps its "*in rem* interest in the real property or its right to foreclose on the property in the event of a default in payments." *In re Cantrell*, 605 B.R. 841, 853 (W.D. Mich. 2019). "[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*." *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) Although they have no legal obligation to make mortgage payments, some of these debtors continue to make *voluntary* payments on their mortgage. Under 11 U.S.C. § 524(j), the "mortgagee with a lien on a debtor's principal residence is permitted to send statements to a debtor in the ordinary course of business, instead of seeking *in rem* relief, permitting the debtor to pay the secured debt and keep the property." *In re Gill*, 529 B.R. at 38. The statute permits the creditor to send periodic statements to the discharged debtor "in lieu of pursuit of in rem relief to enforce the lien." 11 U.S.C. § 524)(j)(3); *see Cantrell*, 605 B.R. at 845.

Plaintiffs' interpretation of § 362(c)(1) and (c)(2)(C) is consistent with the language used in § 362(a) and is also consistent with the historical distinction between in rem and in personam proceedings. Defendant's interpretation is not consistent with either the statutory language or the historical approach to acts against the person and acts against property.

Defendant contends that some of the disclosure requirements in § 1637(b) contain both implicit and explicit threats of foreclosure. Defendant's position rests on a simple

fallacy. The example does not prove the rule. That some creditors might draft periodic statements that would violate the automatic stay does not mean that all periodic statements violate the automatic stay. Whether a periodic disclosure violates the stay will depend on context. The First Circuit Bankruptcy Panel explained that "correspondence that in 'informational in nature' does not violate the automatic stay or discharge injunction." *In re Kirby*, 599 B.R. 427, 411 (First Cir. BAP 2019) (citation omitted).

> 'The common factor' in cases where courts 'find a violation of either the automatic stay or the discharge injunction by a mortgagee for loan related correspondence' is 'a clear demand for payment by a pre[-]petition debt accompanied by coercion in the form of threatened action or some other consequence for nonpayment, or harassment to induce the debtor to pay.

*Id.* (edits in *Kirby*; citation omitted). The *possibility* of violating the stay does not excuse the lack of a required periodic disclosure. "As the case law suggests, determining whether a violation of the automatic stay occurs can be complicated and depends on such specifics as what type of communication was sent to the debtor and whether the communication had a purpose other than collection of the debt outside the scheme contemplated by the Bankruptcy Code." *In re Counsins*, 404 B.R. 281, 287 (S.D. Ohio 2009) (involving a statement that was, in part, merely informational and, in part, did not have an informational purpose).

IV.

In addition to arguing its interpretation of the statute and regulation, Defendant advances three other reasons for the Court to deny the motion. First, Defendant argues that it requested the Court certify an interlocutory appeal, the opinion and order denying Defendant's motion to dismiss. In that motion, Defendant argued that the combination of

§ 362(c)(1) and regulation 1026.5(b)(2) meant that it did not have to send periodic statements. The Court rejected the argument. Contemporaneous with this Opinion, the Court will issue an order denying Defendant's motion for an interlocutory appeal.

Second, as an alternative to an interlocutory appeal, Defendant requests the Court reconsider its decision denying the motion to dismiss. Parties must file motions in order to seek this sort of relief. Raising a request for reconsideration in a response brief does not properly place the motion on the Court's docket. And, even if the Court were to entertain this request as a motion, the Court would deny the relief sought for the reasons explained above.

Third, Defendant argues that question of law and fact remain on the issue of damages. This is not a reason to deny Plaintiffs' motion. Plaintiffs request summary judgment only on liability.

V.

The Court will grant Plaintiffs' motion for partial summary judgment. Defendant does not argue that any genuine issue of material fact exists. The dispute between the parties concerning liability arises purely from differing interpretations of statutes and regulations. The Court concludes that, following the entry of the discharge order in their bankruptcy case, § 362(c)(2)(C) applied and Defendant became obligated to send periodic disclosures. Defendant did not do so and is liable to Plaintiffs for that failure under 15 U.S.C. § 1640. Section 362(c)(1) does not excuse the obligation to send periodic disclosure because the required statements provide information about the debt to Defendant for which Plaintiffs are

personally responsible. The required disclosures are not an act against the property of the estate.

## ORDER

For the reasons provided in the accompanying Opinion, the Court **GRANTS** Plaintiffs' motion for partial summary judgment (ECF No. 65). **IT IS SO ORDERED.**

Date: January 23, 2023

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge